CASE OF CHRISTOPHER GORE, MEMBER FROM BOSTON.

The office of district attorney of the United States, for the district of Massachusetts, is incompatible with that of representative in the legislature of this commonwealth.

On motion, the house assigned a time to consider whether the seat of Christopher Gore, a member from Boston, had become vacant, by his acceptance of the appointment of attorney to the United States, within this commonwealth.[2]  Mr. Gore[3]

---

[2] 10 J. H. 189.

[3] It is an ancient and well established principle of the law of England, that all persons, who are free from disqualification, are eligible as members of the house of commons, even against their expressed inclination ; and that after their election, they cannot renounce the office, but must serve in the trust conferred upon them ; for the reason, that it is " a trust not for their own, but for the public benefit." Hence, it is a settled principle of parliamentary law, that, a member cannot relinquish or resign his seat as such. But, as certain offices under the crown are declared by law to be incompatible with a seat in the house of commons, and members accepting them

subsequently resigned his seat, and the subject does not appear to have been again agitated.[1]

[The question was probably considered by Mr. Gore, to have been settled by the vote above stated.]

thereby vacate their seats, this provision of law has been made use of, and is constantly resorted to, in order to enable members to evade the parliamentary restriction as to resignation. Two or three offices, which are now merely nominal in their character, are appropriated by the government for this purpose. Whenever a member of the house of commons, of whatever party, wishes to relinquish his seat, he applies to the proper department of government for an appointment to one of these offices; which being conferred upon him (and they are seldom or never refused) his seat in parliament is thereby vacated. The object of the appointment being thus effected, the office is immediately resigned. The offices usually conferred for this purpose are those of steward or bailiff of the three Chiltern Hundreds, Stoke, Desborough, and Bonenham, or of the manors of East Hendred and Northstead.

In 1826, the poet Southey, who had been elected a member for Downton, during his absence on the continent, availed himself of the provision of law mentioned in a note on a preceding page, requiring members to possess a certain amount of property, in order to avoid serving as a member. He addressed a letter to the speaker, in which he stated, that he did not possess the estate required by law to qualify him as a member; and the house thereupon, after waiting the proper time, issued a writ for a new election.

In this country, it is probably true, that every person, elected a member of a legislative assembly, may decline the office; but if he accepts, and takes his seat, it may be doubted, whether he can resign without the consent of the body of which he is a member.

[1] 10 J. H. 207.